UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JON NATHANSON,<br>          Plaintiff,<br><br>          v.<br><br>YALE NEW HAVEN HEALTH<br>SERVICES CORP.,<br>          Defendant. | No. 3:25-cv-609 (SRU) |

## CONFERENCE MEMORANDUM

On June 11, 2025, I held a telephonic global status conference on the record with the parties in all cases pending before me that assert claims against defendant Yale New Haven Health Services Corporation (YNHH) related to an alleged data breach. Attorneys Casie Collignon and Philip Bieler represented YNHH on the call. Counsel for plaintiffs in the following cases were also present: Jon Nathanson ("Nathanson"), 3:25-cv-00609;[1] Michael Wise, 3:25-cv-00615; Lisa Taylor-Austin, 3:25-cv-00632; N.A., 3:25-cv-00651; Robert Taylor, 3:25-cv-00656; Tyoka Brumfield, 3:25-cv-00658; Julie Mott and Maria Krantz, 3:25-cv-00662; Michele LeMaire, 3:25-cv-00674; Stephen Quinn, 3:25-cv-00679; Kathryn Mortensen, 3:25-cv-00690; Patricia Rodriguez, 3:25-cv-00714; Michael Barletta, 3:25-cv-00722; Adam Snitkoff, 3:25-cv-00736; Erica Ortiz, 3:25-cv-00784; Eric Maglione, 3:25-cv-00821.[2]

I turned first to informing the parties that I received a notice in April 2025 indicating my health information was included in the alleged YNHH data breach. I also explained that my law

---

[1] Michael Liparulo, who was the lead plaintiff in 3:25-cv-00610, is the consolidated plaintiff in 3:25-cv-00609. Additionally, counsel for plaintiff Amber Wilson, 3:25-cv-00666, was unable to attend the telephonic status conference. However, attorney Jeff Ostrow, counsel for Jon Nathanson, represented he would communicate the conference discussions to Wilson's counsel.
[2] Attorney Michael Reilly, who represents several of the listed plaintiffs, notified me he also represents plaintiff Ping Wu in a related YNHH data breach case currently before Judge Victor Bolden, 3:25-cv-00691.

clerks received similar notices from YNHH. However, the respective class definitions exclude me, and my incoming law clerks are unlikely to be members of any potential class. Therefore, I do not intend to transfer these cases unless a party objects.

I requested that, if any of the parties object to my presiding over their case, they submit those objections to the Clerk of Court, Dinah Milton Kinney, within fourteen days of this status conference, that is, by June 25, 2025.

Next, I turned to the issue of case consolidation. Attorney Jeff Ostrow, Nathanson's counsel, indicated there were discussions about the other plaintiffs potentially participating in a consolidated Nathanson case. He communicated that the tentative plan involved the subsequent plaintiffs voluntarily dismissing their cases and those plaintiffs then filing an amended, consolidated complaint in Nathanson's case.

YNHH did not raise any objections to either the fourteen-day deadline to object to my presiding over the case or the plaintiffs' proposed consolidation plan.

Finally, Attorney Ostrow confirmed the parties are scheduled for mediation in early August 2025.

So ordered.

Dated at Bridgeport, Connecticut, this 12th day of June 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge