# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: YALE NEW HAVEN HEALTH SERVICES CORP. DATA BREACH LITIGATION | Case No. 3:25-cv-00609-SRU<br><br>Consolidated Class Action |

## SETTLEMENT AGREEMENT

This Settlement Agreement[1] is entered into between Plaintiffs, individually, and on behalf of the Settlement Class, and Defendant, as of the date last signed below. The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

I.     **Procedural History**

1.     Defendant is Connecticut's leading healthcare system with over 4,500 university and community physicians providing comprehensive, integrated, family-focused care in more than 100 medical specialties. Defendant maintained patients' Private Information, including their names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types, and/or medical record numbers.

2.     On March 8, 2025, Defendant detected suspicious activity on its computer systems and confirmed that a criminal third party accessed and acquired information stored on those systems.

3.     On March 20, 2025, Plaintiff Liparulo filed the first class action lawsuit in the Superior Court for the Judicial District at New Haven for the alleged exposure of his and all similarly situated individuals' Private Information seeking money damages and injunctive relief.

4.     Following the filing of the state action, Plaintiffs Liparulo's counsel and

---

[1] All capitalized terms herein shall have the same meanings as those defined in Section II below.

Defendant's counsel met and conferred regarding the case, and after discussing the impacted population, they collectively determined there was CAFA jurisdiction, and therefore the case should be dismissed and re-filed in federal court. Plaintiff Liparulo then dismissed his state action.

5.      On April 14, 2025, Defendant began sending letters to 5,383,557 living individuals advising them that their Private Information may have been impacted in the Data Incident.

6.      On April 16, 2025, Plaintiff Nathanson filed the first lawsuit in this Court [ECF No. 1]. That same day, Plaintiff Liparulo re-filed his lawsuit in this Court.

7.      On the same day, Plaintiff Nathanson filed a motion to consolidate the two filed actions and all future related actions. [ECF No. 4]. The Court granted the motion on April 22, 2025, but only as to those actions. [ECF No. 22].

8.      Thereafter, Plaintiffs Nathanson and Liparulo began discussing the prospect of early resolution. Although the Parties were unsure if settlement was in their best interest at that time, they scheduled a mediation with experienced class action mediator, Bennett G. Picker, Esq., for August 8, 2025.

9.      On April 25, 2025, Plaintiffs Nathanson, Liparulo, and Defendant filed a Joint Notice of Mediation and Stipulation to Set Case Deadlines informing the Court of the parties' mediation scheduled for August 8, 2025, with mediator Bennett G. Picker, Esq. [ECF No. 27]. Additionally, the Parties stipulated to a case schedule setting deadlines for the filing of Plaintiffs' consolidated class action complaint, Defendant's motion to dismiss, Plaintiffs' opposition brief, and Defendant's reply. [*Id*].

10.     In response, on May 7, 2025, the Court entered a scheduling order setting the following deadlines: Plaintiffs' consolidated class action complaint was due by June 16, 2025; Defendant's answer or motion to dismiss was due by July 16, 2025; Plaintiffs' opposition to any

motion to dismiss was due by August 29, 2025; and Defendant's reply was due by September 19, 2025. [ECF No. 38].

11.     Plaintiffs Nathanson and Liparulo propounded written discovery on the Defendant, including a request for interrogatories and request for production. They also participated in a rule 26(f) conference to discuss a proposed litigation schedule and discovery plan. In anticipation of discovery, Plaintiffs Nathanson and Liparulo negotiated an electronically stored information protocol and a protective order, which were stipulated to and filed with the Court on May 8, 2025. [ECF Nos. 40, 41]. The Court approved the protective order on May 9, 2025. [ECF No. 42].

12.     Following the filing of the first two actions, 16 additional Related Actions were filed with similar claims seeking to represent the same putative classes as Plaintiffs Nathanson and Liparulo.[2]

13.     Over the course of the next few weeks, Plaintiffs' counsel for Nathanson and Liparulo met and conferred with Plaintiffs' counsel in the other 16 Related Actions, and ultimately, they decided to all self-organize and work cooperatively.

14.     Plaintiffs filed a consolidated class action complaint on June 12, 2025, alleging claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of

---

[2]  *Liparulo v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00610; *Harvin v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00612; *Wise v. Yale New Haven Health System*, No. 3:25-cv-00615; *Taylor-Austin v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00632; *Brumfield v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00658; *Adjei, et al. v. Yale New Haven Health*, No. 3:25-cv-00651; *Taylor v. Yale New Haven System*, No. 3:25-cv-00656; *Mott, et al. v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00662; *Wilson v. Yale New Haven Health System*, No. 3:25-cv-00666; *LeMaire v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00674; *Quinn v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00679; *Mortensen v. Yale New Haven Health System*, No. 3:25-cv-00690; *Wu v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00691; *Rodriguez v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00714; *Barletta v. Yale New Haven Health System*, No. 3:25-cv-00722; *Snitkoff v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00736; *Ortiz, et al. v. Yale New Haven Health Services Corp.*, No. 3:25-cv-00784; and *Maglione v. Yale New Haven Health System*, No. 3:25-cv-00821.

fiduciary duty, and declaratory judgment and injunctive relief. [ECF No. 54].

15.    On July 16, 2025, Defendant filed a motion to dismiss [ECF No. 61] to which Plaintiffs filed their opposition on August 11, 2025. [ECF No. 66].

16.    In advance of mediation, Plaintiffs requested, and Defendant produced, informal discovery requests related to liability and damages, including, but not limited to, the number of individuals impacted by the Data Incident, the categories of Private Information involved, and the security enhancements implemented since the Data Incident to better protect its computer systems from future incidents. The Parties also exchanged detailed Mediation Statements outlining their positions with respect to liability, damages, and settlement.

17.    On August 8, 2025, the mediation took place both in-person in Philadelphia at Mr. Picker's offices and on Zoom. After a full day of arms-length negotiations, the Parties agreed to the material terms of this Settlement which resolves all claims on a classwide basis.

18.    The Parties now agree to settle the Action entirely, without any admission by the Defendant of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint and the Data Incident as it relates to it, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing

of any nature or for any other purpose other than to enforce the terms of this Agreement. Plaintiffs enter into this Agreement to recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede that the claims alleged in the Complaint lack merit or are subject to any defenses. The Parties intend this Agreement to bind Plaintiffs, Defendant, and all Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the receipt and sufficiency of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, as follows.

## II.    Definitions

19.    "**Action**" means the above-captioned consolidated action, *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU (D. Conn.), and the Related Actions.

20.    "**Agreement"** or **"Settlement**" or "**Settlement Agreement**" means this Settlement Agreement, including all exhibits, between Plaintiffs and Defendant.

21.    "**Application for Attorneys' Fees, Costs, and Service Awards**" means the application made with the Motion for Final Approval seeking attorneys' fees, costs, and Service Awards.

22.    "**CAFA Notice**" means Class Action Fairness Act Notice which the Settlement Administrator shall serve upon the appropriate state and federal officials, providing notice of the proposed Settlement. The Settlement Administrator shall provide a declaration attesting to compliance with 28 U.S.C. § 1715(b), which will be filed with the Motion for Final Approval.

23.    "**Cash Payment**" means the cash compensation paid to Settlement Class Members who elected to submit a timely Valid Claim for either Cash Payment A – Documented Losses or

Cash Payment B – Alternate Cash.

24.    "**Cash Payment A – Documented Losses**" means the cash compensation of up to $5,000.00 that Settlement Class Members with documented losses may elect under the Settlement.

25.    "**Cash Payment B – Alternate Cash**" means the cash compensation in the estimated amount of $100.00 that Settlement Class Members may elect under the Settlement. This value may be increased or decreased based on the number of Valid Claims received.

26.    "**Claim Form**" means the proof of claim, substantially in the form attached hereto as *Exhibit 4*, which may be modified as necessary, subject to the Parties' approval.

27.    "**Claim Form Deadline**" shall be 15 days before the initial scheduled Final Approval Hearing and is the last day by which a Claim Form may be submitted to the Settlement Administrator for a Settlement Class Member to be eligible for Settlement Class Benefits.

28.    "**Claimant**" means an individual who submits a Claim Form.

29.    "**Claim Process**" means the process by which Claimants submit Claims to the Settlement Administrator and the Settlement Administrator reviews the Claims to determine the validity of all Claims.

30.    "**Class Counsel**" means: Jeff Ostrow of Kopelowitz Ostrow P.A., Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and William B. Federman of Federman and Sherwood.

31.    "**Class List**" means the list of Settlement Class Members provided by Defendant to the Settlement Administrator for the purpose of effectuating Notice. Defendant shall prepare and provide the Class List to the Settlement Administrator using information in Defendant's records. To the extent available, the Class List shall include the Settlement Class Members' names, last known addresses, and email addresses. Prior to sending the Class List, the Settlement

Administrator shall execute a Business Associate Agreement as directed by the Parties.

32.     "**Class Representatives**" means the Plaintiffs the Court approves to serve as representatives on behalf of the Settlement Class.

33.     "**Complaint**" means the Consolidated Complaint filed on June 12, 2025.

34.     "**Court**" means the United States District Court for the District of Connecticut, and the Judge(s) assigned to the Action.

35.     "**Data Incident**" means the data incident discovered on or about March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed individuals' Private Information.

36.     "**Defendant**" means Yale New Haven Health Services Corporation, the defendant in the Action.

37.     "**Defendant's Counsel**" means Casie D. Collignon and Sean B. Solis of Baker & Hostetler LLP.

38.     "**Effective Date**" means the day after the entry of the Final Approval Order, provided no objections are made to the Settlement. If there are objections to the Settlement, then the Effective Date shall be the later of: (a) 30 days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (b) if appeals are taken from the Final Approval Order, then the earlier of 30 days after the last appellate court ruling affirming the Final Approval Order or 30 days after the entry of a dismissal of the appeal.

39.     "**Email Notice**" means the email form of Notice of the Settlement, if email addresses are available, substantially in the form attached hereto as ***Exhibit 1***, and distributed to Settlement Class Members.

40.     "**Escrow Account**" means the interest-bearing account to be established by the

Settlement Administrator consistent with the terms and conditions described herein.

41.    "**Final Approval**" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order, substantially in the form attached hereto as ***Exhibit 6***.

42.    "**Final Approval Hearing**" means the hearing held before the Court during which the Court will consider granting the application for Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards. The hearing may be held via video conference or by telephone, and if so, instructions will be posted on the Settlement Website.

43.    "**Final Approval Order**" means the final order the Court enters granting Final Approval of the Settlement. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of approved attorneys' fees, costs, and Service Awards.

44.    "**Long Form Notice**" means the long form notice of the Settlement, substantially in the form attached hereto as ***Exhibit 3***, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail upon request to the Settlement Administrator.

45.    "**Medical Data Monitoring**" means the CyEx monitoring product with two years of monitoring that Settlement Class Members may elect as a Settlement Class Member Benefit under the Settlement.

46.    "**Motion for Final Approval**" means the unopposed motion that Plaintiffs and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

47.    "**Motion for Preliminary Approval**" means the motion that Plaintiffs shall file with the court seeking Preliminary Approval of the Settlement.

48.    "**Net Settlement Fund**" means the amount of the Settlement Fund following payment of Settlement Administration Costs and any attorneys' fees, costs, and Service Awards.

49.    "**Notice**" means the Email Notice, Postcard Notice, Long Form Notice made

available on the Settlement Website, and information available via a toll-free telephone number that Plaintiffs will ask the Court to approve in connection with the Motion for Preliminary Approval.

50.    **"Notice Commencement Date"** means 30 days after the Court's entry of the Preliminary Approval Order.

51.    "**Notice Program**" means the methods provided for in this Agreement for giving Notice to the Settlement Class and may consist of Email Notice, Postcard Notice, Long Form Notice, along with the Settlement Website and the toll-free Settlement telephone number.

52.    "**Notice of Deficiency**" means the notice sent by the Settlement Administrator to a Settlement Class Member who has submitted an invalid Claim.

53.    "**Objection Deadline**" means 60 days after the Notice Commencement Date and is the last date by which Settlement Class Members may object to the Settlement.

54.    "**Opt-Out Deadline**" means 60 days after the Notice Commencement Date and is the last date by which Settlement Class Members may opt-out of the Settlement.

55.    "**Party**" means each of the Plaintiffs and Defendant, and "Parties" means Plaintiffs and Defendant collectively.

56.    "**Plaintiffs**" means Jon Nathanson, Michael Liparulo, Stephanie Harvin, Michael Wise, Michele LeMaire, Amber Wilson, Stephen Quinn, Kathryn Mortensen, Ping Wu, Michael Barletta, Adam Snitkoff, Tyoka Brumfield, Julie Mott (as parent and guardian of J.D.R.A., a minor), Maria Krantz (as parent and guardian of F.R.K. and E.V.K., minors), Alexander Hudson, Nina Pullman, Lisa Taylor-Austin, Deb Brown (as parent and guardian of H.A.B, a minor), Trent Berger, Sarah Crowell, Eric Wilson, Erica Ortiz (as parent and guardian of M.F. 1, M.F. 2, and G.O.S., minors),  Patricia Rodriguez, Robert Taylor, Tiffany Adjei, and Eric Maglione.

57.     "**Private Information**" means the personally identifiable information and private health information identified in the Complaint, which consists of some combination of the following: their names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types, and/or medical record numbers.

58.     "**Postcard Notice**" means the postcard notice of the Settlement, substantially in the form attached hereto as ***Exhibit 2,*** that the Settlement Administrator may disseminate to Settlement Class Members by mail.

59.     "**Preliminary Approval**" means the preliminary approval of the Settlement, which occurs when the Court enters the Preliminary Approval Order, substantially in the form submitted with the Motion for Preliminary Approval.

60.     "**Preliminary Approval Order**" means the order preliminarily approving the Settlement and proposed Notice Program, substantially in the form attached hereto as ***Exhibit 5***.

61.     "**Releases**" means the releases and waiver set forth in Section XIII of this Agreement.

62.     "**Released Claims**" means any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, indemnities, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory, common law, or any other law, against the Released Parties, or any of them, arising out of or relating to actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act relating to the Data Incident.

63.     "**Released Parties**" means Defendant, Yale University, Bridgeport Hospital, Yale New Haven Children's Hospital, Greenwich Hospital, Lawrence + Memorial Hospital, Yale New Haven Psychiatric Hospital, Smilow Cancer Hospital, Yale New Haven Health Urgent Care, Westerly Hospital, Yale New Haven Hospital, Clinical Affiliates, Northeast Medical Group, and their past, present, and future direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, members, agents, employees, servants, attorneys, accountants, insurers, reinsurers, benefit plans, partners, predecessors, successors, managers, administrators, executors, trustees, and any other person acting on Defendant's behalf, in their capacity as such.

64.     "**Releasing Parties**" means Plaintiffs and Settlement Class Members and their respective past, present, and future heirs, beneficiaries, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities.

65.     "**Service Awards**" means the monetary compensation the Court may approve for the Plaintiffs for serving as Class Representatives.

66.     "**Settlement Administrator**" means Epiq Class Action Claims & Solutions, Inc. or Epiq, the third-party notice and claims administrator jointly selected by the parties.

67.     "**Settlement Administration Costs**" means all reasonable costs and fees incurred by the Settlement Administrator regarding Notice and Settlement administration.

68.     "**Settlement Class**" means all living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are: (1) all persons who are directors, officers, members, and agents of Defendant, or their respective subsidiaries and affiliated

companies, and any entity in which Defendant has a controlling interest; (2) governmental entities; (3) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

69.    "**Settlement Class Member**" means any member of the Settlement Class who has not opted-out of the Settlement.

70.    "**Settlement Class Member Benefits**" means the Cash Payment and/or Medical Data Monitoring benefits described herein.

71.    "**Settlement Fund**" means the non-reversionary all cash $18,000,000.00 fund that Defendant is obligated to fund or cause to be funded pursuant to Section III herein.

72.    "**Settlement Website**" means the website the Settlement Administrator will establish as a means for Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for at least six months after Final Approval.

73.    "**Valid Claim**" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form

Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    Settlement Fund

74.    Within 45 days of Preliminary Approval, and upon the receipt of sufficient payment information from the Settlement Administrator including wiring instructions and a properly completed and duly executed IRS Form W-9, along with any other necessary forms, Defendant shall fund or cause to be funded $9,000,000.00 to partially establish the Settlement Fund. Within 45 days following Final Approval, the Defendant shall fund or cause to be funded the remaining $9,000,000.00 to complete the funding of the Settlement Fund. In the event there is no Final Approval, or the Effective Date does not occur, following the payment of any outstanding Settlement Administration Costs, all funds remaining in the Settlement Fund shall be returned to the Defendant.

75.    The Settlement Fund shall be used to pay: (1) all Settlement Class Member Benefits to Settlement Class Members who submit Valid Claims; and (2) all Settlement Administration Costs; (3) any attorneys' fees, costs, and Service Awards approved by the Court.

76.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. The Settlement Fund shall earn a reasonable rate of interest and all interest earned on the Settlement funds shall be for the benefit of the Settlement Class. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income

earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed on Defendant, Defendant's Counsel, Plaintiffs, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiffs, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

## IV.    **Certification of the Settlement Class**

77.    In the Motion for Preliminary Approval, Plaintiffs shall propose and request to the Court that the Settlement Class be certified for Settlement purposes only. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this case shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.    **Settlement Class Member Benefits**

78.    When submitting a Valid Claim, Settlement Class Members must choose either Cash Payment A – Documented Losses, or Cash Payment B – Alternate Cash. All Settlement Class Members may also elect to receive Medical Data Monitoring in accordance with the terms of this paragraph. All Cash Payments will be subject to a *pro rata*: (a) increase from the Net Settlement Fund if the amount of Valid Claims is insufficient to exhaust the entire Net Settlement Fund, or (b)

decrease from the Net Settlement Fund if the amount of Valid Claims exhausts the amount of the Net Settlement Fund. For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund, after payment of Settlement Administration Costs, any Attorneys' Fees, Costs, and Service Awards, in the following order: 1) payment of Medical Data Monitoring, 2) Cash Payment A – Documented Losses, and 3) Cash Payment B – Alternate Cash. Any *pro rata* increases or decreases will be on an equal percentage basis. If a Settlement Class Member does not submit a Valid Claim, the Settlement Class Member will release his or her claims without receiving a Settlement Class Member Benefit.

a.    **Cash Payment A – Documented Losses**

Settlement Class Members may submit a claim for a Cash Payment under this section for up to $5,000.00 per Settlement Class Member upon presentment of reasonable documented losses related to the Data Incident. To receive a documented loss payment, a Settlement Class Member must elect Cash Payment A on the Claim Form attesting under penalty of perjury to incurring documented losses. Settlement Class Members will be required to submit reasonable documentation supporting the losses, which means documentation contemporaneously generated or prepared by a third party or the Settlement Class Member supporting a claim for expenses paid. Non-exhaustive examples of reasonable documentation include telephone records, correspondence including emails, or receipts. Except as expressly provided herein, personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with the credit monitoring and identity theft protection product offered as part of the

notification letter provided by Defendant or otherwise. If a Settlement Class Member does not submit reasonable documentation supporting a loss, or if their Claim is rejected by the Settlement Administrator for any reason, and the Settlement Class Member fails to cure his or her Claim, the Claim will be rejected and the Settlement Class Member's Claim will be converted to a Cash Payment B – Alternate Cash claim.

   b.  **Cash Payment B – Alternate Cash**

As an alternative to Cash Payment A above, a Settlement Class Member may elect to receive Cash Payment B, which is a cash payment in the estimated amount of $100.00. This value may be increased or decreased based on the number of Valid Claims received.

   c.  **Medical Data Monitoring**

In addition to Cash Payment A or Cash Payment B, Settlement Class Members may also make a Claim for Medical Data Monitoring that will include two years of CyEx's medical data monitoring product that will include: (i) real time monitoring of the credit file with one credit bureau; (ii) dark web scanning with immediate notification of potential unauthorized use; (iii) security freezing assistance; (iv) victim assistance; (v) $1,000,000.00 in identity theft insurance with no deductible; and (vi) access to fraud resolution agents to help investigate and resolve instances of identity theft.

   d.  **Information Security Enhancements**

Prior to Final Approval, upon request, Defendant will provide Class Counsel with a written and signed declaration regarding the security measures, including the cost associated therewith, it implemented following the Data Incident to better protect the Settlement Class' Private Information. The costs of any such security measures on the part of Defendant were paid or will be paid separately by the Defendant and will not come out of the Settlement Fund.

VI.    **Settlement Approval**

79.    Plaintiffs' Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program and the form and content of the Notices; (4) approve the Claim Process and the form and content of the Claim Form; (5) approve the procedures for Settlement Class Members to opt-out of the Settlement or for Settlement Class Members to object to the Settlement; (6) appoint Epiq as the Settlement Administrator; (7) appoint Plaintiffs as Class Representatives and Jeff Ostrow, Gary M. Klinger, and William B. Federman as Class Counsel for Settlement purposes; (8) stay the Action pending Final Approval of the Settlement; and (9) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, the Parties, Class Counsel, and Defendant's Counsel.

VII.   **Settlement Administrator**

80.    The Parties agree that, subject to Court approval, Epiq shall be the Settlement Administrator. Class Counsel shall oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

81.    The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims Process, administering the Settlement Fund, and ensuring the distribution of all Settlement Class Members Benefits.

82.     The Settlement Administrator's duties include the following:

a.      Serving CAFA Notice upon the appropriate state and federal officials providing notice of the proposed Settlement as set forth in paragraph 22.

b.      Completing the Court-approved Notice Program by noticing the Settlement Class by Email Notice, and Postcard Notice, if necessary, and sending out Long Form Notices and paper Claim Forms upon request from Settlement Class Members, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

c.      Establishing and maintaining the Settlement Fund and the Escrow Account;

d.      Establishing and maintaining a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

e.      Establishing and maintaining the Settlement Website to provide important information and to receive electronic Claim Forms;

f.      Establishing and maintaining an automated toll-free telephone line for Settlement Class Members to call with Settlement-related inquiries, and answer the frequently asked questions of Settlement Class Members who call with or otherwise communicate such inquiries;

g.      Responding to any mailed Settlement Class Member inquiries;

h.      Processing all opt-out requests from the Settlement Class;

i.      Providing weekly reports to Class Counsel and Defendant's Counsel that summarize the number of Claims submitted, Claims approved and rejected, Notice of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

j.      In advance of the Final Approval Hearing, preparing a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, including the value of all Claims for Cash Payment A, the number of Claims for Cash Payment B, and the number of Settlement Class Members who elected Medical Data Monitoring, and providing the names of each Settlement Class Member who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

k.      Distributing, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

l.      Ensuring the issuance of the Medical Data Monitoring activation codes to all Settlement Class Members who elect Medical Data Monitoring;

m.      Paying Court-approved attorneys' fees, costs, and Service Awards out of the Settlement Fund;

n.      Paying Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel; and

o.      Any other Settlement administration function at the instruction of Class Counsel and Defendant, including, but not limited to, verifying that the Settlement Fund has been properly administered and that the Cash Payments and Medical Data Monitoring activation codes have been properly distributed.

## VIII.   Notice to the Settlement Class, Opt-Out Procedures, and Objection Procedures

83.      Defendant will provide the Settlement Administrator with the Class List no later

than 10 days after entry of the Preliminary Approval Order.

84.     Within 30 days following entry of the Preliminary Approval Order, the Settlement Administrator shall commence the Notice Program provided herein, using Email Notice, Postcard Notice, if necessary, and Long Form Notice approved by the Court. The dissemination of the Notices shall be completed within 15 days of the Notice Commencement Date.

85.     All Settlement Class Members will be sent an Email Notice or Postcard Notice, in the event an email address is not available. The Email Notice or Postcard Notice shall include, among other information: (a) a description of the material terms of the Settlement; (b) how to submit a Claim Form; (c) the Claim Form Deadline; (d) the Opt-out Deadline, which is the last day for Settlement Class Members to opt-out of the Settlement Class; (e) the Objection Deadline, which is the last day for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards; (f) the Final Approval Hearing date; and (g) the Settlement Website address at which Settlement Class Members may access this Agreement and other related documents and information. Class Counsel shall insert the correct dates and deadlines in the Notices before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date or time for the Final Approval Hearing changes.

86.     Those Settlement Class Members whose Email Notice bounces back or is undeliverable will be sent a Postcard Notice, to the extent the Settlement Administrator can identify the postal address of the Settlement Class Member. The Settlement Administrator shall perform reasonable postal address traces. By way of example, a reasonable tracing procedure would be to

run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 14 days before the Opt-Out and Objection Deadlines, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

87.    The Settlement Administrator shall establish the Settlement Website no later than the day before the Notice Date. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claim Form that can be submitted online directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

88.    The Long Form Notice will include a procedure for Settlement Class Members to opt-out of the Settlement Class, and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the opt-out instructions. Members of the Settlement Class may opt-out of the Settlement Class at any time before the Opt-Out Deadline by mailing a request to opt-out to the Settlement Administrator postmarked no later than the Opt-Out Deadline. The opt-out request must: 1) be personally signed by the Settlement Class Member; 2) contain the requestor's name, address, telephone number, and email address (if any); 3) contain the case name and number: *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU (D. Conn.); and 4) include a statement indicating a request to opt-out of the Settlement Class. Mass or class requests to opt-out filed by third parties on behalf of a mass or class of Settlement Class Members or multiple Settlement Class Members where the opt-out has not been signed by each and every individual Settlement Class Member will not be allowed. Any Settlement Class Member who does not timely and validly request to opt-out shall be bound by the terms of this Agreement even if that Settlement Class Member does not submit a Valid

Claim.

89.     The Long Form Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards and the Email Notice and Postcard Notice shall direct Settlement Class Members to review the Long Form Notice to obtain the objection instructions. Objections must be sent to the Clerk of Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the Objection Deadline, as specified in the Notice, and the Settlement Class Member must not have opted-out of the Settlement Class. Objections submitted by mail must be postmarked on the envelope no later than the Objection Deadline. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

90.     For an objection to be considered by the Court, the objection must also set forth:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      the case name and number: *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU (D. Conn.);

c.      documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

d.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

e.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each

case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

      f.    the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards;

      g.    the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

      h.    the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

      i.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

      j.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

      k.    the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking depositions and propounding written discovery.

**IX.**    **Claim Process and Disbursement of Cash Payments and Medical Data Monitoring**

91.    The Notice and the Settlement Website will explain to Settlement Class Members

that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

92.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form. Claim Forms must be submitted online or postmarked by the Claim Form Deadline.

93.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

94.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of Claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

95.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim Process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of Claims, including, but not limited to, denying in whole or in part any Claim to prevent actual or possible

fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

96.     Claim Forms that do not meet the terms and conditions of this Settlement shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Settlement Class Member using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the physical or e-signature. A Settlement Class Member shall have until the Claim Form Deadline, or 15 days after the date the Notice of Deficiency is sent via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Settlement Class Member timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Settlement Class Member does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

97.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

      a.     Failure to fully complete and/or sign the Claim Form;

b.     Illegible Claim Form;

c.     The Claim Form is fraudulent;

d.     The Claim Form is duplicative of another Claim Form;

e.     The Claimant is not a Settlement Class Member;

f.     The Claimant submitted a timely and valid request to opt-out of the Settlement Class;

g.     The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.     Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.     The Claim Form otherwise does not comply with the requirements of this Settlement.

98.     The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.     The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication;

b.     A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this paragraph;

c.     If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants; and

d.     The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

99.     The Settlement Administrator shall provide all information gathered in

investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

100.    No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiffs, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

101.    No later than 30 days after the Effective Date or completion of the Settlement Administrator's validity review, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

102.     Cash Payments to Settlement Class Members will be made by electronic payment or by paper check. Following Final Approval, the Settlement Administrator will send Settlement Class Members an email to select electronic payment via Venmo or Zelle or to receive payment by paper check. In the event a Settlement Class Member does not make an election or there is a problem with issuance of an electronic payment, a paper check will be sent to the Settlement Class Member's last known address. Settlement Class Members shall have 30 days to select their form of payment. Settlement Class Members who do not provide correct or complete information to receive an electronic payment shall receive a paper check in the mail. Paper checks must be negotiated within 90 days of issuance. In the event the Settlement Administrator is unable to distribute funds to the Settlement Class Members entitled to receive them due to incorrect or incomplete information provided to the Settlement Administrator, the funds shall become residual funds, and such Settlement Class Members shall forfeit their entitlement right to the funds. Any

member of the Settlement Class who does not cash their check within the aforementioned time period may petition the Settlement Administrator within 30 days of the expiration of their uncashed check to reissue their paper check and, good cause providing, the Settlement Administrator will issue a new check. Members of the Settlement Class are entitled to only one petition on this basis, and any check reissued for such reasonable circumstances will expire within 30 days of reissuance (based on the date of the check). Settlement Class Members who do not timely cash their checks and who fail to petition for a reissuance of the uncashed check will be considered as having waived any right to a cash payment under the Settlement Agreement.

103.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are sent an email to select their form of payment, said funds attributable to unclaimed and undeliverable funds shall be treated as residual funds as described in Section XII.

104.    The Settlement Administrator will send an email to Settlement Class Members with Valid Claims that include an election for Medical Data Monitoring with information on how to enroll in the Medical Data Monitoring, including the activation code.

## X.    **Final Approval Order and Final Judgment**

105.    Plaintiffs shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' Motion for Final Approval of the Settlement and Application for Attorneys' Fees, Costs and Service Awards. In the Court's discretion, the Court will also hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs and Service

Awards, provided the objectors submitted timely objections that meet all requirements listed in this Agreement.

106.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs and Service Awards. Such proposed Final Approval Order shall, among other things:

        a.      Determine that the Settlement is fair, adequate and reasonable;

        b.      Finally certify the Settlement Class for settlement purposes only;

        c.      Determine the completed Notice Program satisfies Due Process requirements;

        d.      Bar and enjoin all Releasing Parties from asserting or otherwise pursuing any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

        e.      Release Defendant and the Released Parties from the Released Claims, as specified in Section XIII below; and

        f.      Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiffs, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    <u>Attorneys' Fees, Costs, and Service Awards</u>

107.    ***Attorneys' Fees and Costs*** - Class Counsel shall apply to the Court for an award of attorneys' fees not to exceed one-third of the Settlement Fund, plus reimbursement of costs. The attorneys' fees and cost approved by the Court shall be paid by the Settlement Administrator out

of the Settlement Fund by wire transfer to an account designated by Class Counsel within 30 days of the Effective Date. Class Counsel shall be responsible for allocating and distributing attorneys' fees among all Plaintiffs' counsel.

108.    *Service Awards* – Class Counsel shall apply to the Court for Service Awards for the Class Representatives not to exceed $2,500.00 each. The Service Awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund directly to the Class Representatives within 30 days of the Effective Date.

109.    Attorneys' fees, costs, and Service Awards were not negotiated by the Parties until all other material terms of the Settlement had been determined. This Settlement is not contingent on approval of the request for attorneys' fees, costs, and Service Awards and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force.

## XII.    Disposition of Residual Funds

110.    In the event there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are sent an email to select their form of payment, any residual shall be distributed to Connecticut Legal Services, to be approved by the Court.

## XIII.    Releases

111.    Upon the Effective Date, and in consideration of the Settlement relief and other consideration described herein, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and irrevocably released, acquitted, relinquished, and forever discharged the Released Parties from any and all Released Claims, and shall be forever barred from instituting, maintaining or prosecuting any and all liabilities, rights, claims, actions, causes of actions, demands, damages, costs, attorneys' fees, losses, and remedies,

whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated, legal, statutory, or equitable, based on contract, tort, or any other theory whether on behalf of themselves or others, that result from, arise out of, are based upon, or related to the Data Incident that the Releasing Parties may have or had.

112.    Each Party expressly waives state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, such as under California's Consumer Privacy Act, California Civil Code section 1798.100, *et seq*. and/or California's Unfair Competition Law, California Civil Code section 17200 *et seq*.  Each Party expressly waives all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

113.    Settlement Class Members who opt-out of the Settlement on or before  the Opt-Out Deadline do not release their claims arising out of related to the Data Incident and will not obtain

any of the Settlement Class Member Benefits under the Settlement.

114.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Settlement Class Members; and (b) Plaintiffs and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting all Released Claim, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

115.    The power to enforce any term of this Settlement is not affected by the releases in this section.

## XIV.    Termination of Settlement

116.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all the following events:

a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b.    The Court has entered the Preliminary Approval Order;

c.    The Court has entered the Final Approval Order, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

117.    If any of the conditions specified in the preceding paragraph are not met, or if the Court otherwise imposes any modification to or condition of approval of the Settlement to which the Parties do not consent, then this Agreement shall be cancelled and terminated.

118.    In the event that more than 500 Settlement Class Members exercise their right to

exclude themselves from the Settlement Class, Defendant shall have the option to terminate this Agreement. Defendant shall notify Class Counsel and the Court of its intention to terminate this Agreement pursuant to this paragraph within 10 days after the last day on which Settlement Class Members may submit a request for exclusion, or the option to terminate shall be considered waived.

119.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the Parties shall jointly file a status report in the Court seeking to reopen the Action and all papers filed. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this Action or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

120.    In the event this Agreement is terminated or fails to become effective, all funds in the Settlement Fund shall be promptly returned to the Defendant as described hereinabove. However, Defendant shall have no right to seek from Plaintiffs, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid or incurred.

## XV.    Effect of Termination

121.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiffs', Class Counsel's, Defendant's, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, the Parties' respective pre-Settlement rights, claims, and defenses will be

retained and preserved.

122. In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

**XVI.** **No Admission of Liability**

123. This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant maintains that Plaintiffs' claims do not have merit and has denied and continues to deny each of the claims and contentions alleged in any complaint, including the Complaint. Defendant denies all liability and all allegations of wrongdoing of any kind. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

124. Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best

interests of the Settlement Class.

125.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

126.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

127.    In addition to any other defenses Defendant or the Released Parties may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  **Miscellaneous Provisions**

128.    ***Confidentiality***. To the extent permitted by ethics rules, the Parties and their counsel shall keep confidential all settlement communications, including communications regarding the negotiation and drafting of this Agreement. This paragraph shall not be construed to limit or impede the Notice requirements contained in this Agreement, nor shall this paragraph be construed to prevent Class Counsel or Defendant's Counsel from notifying or explaining that the Action has

settled or limit the representations that the Parties or their counsel may make to the Court to assist in the Court's evaluation of the Settlement, Preliminary Approval, Final Approval, and any objection to the Settlement's terms. Defendant may also provide information about the Agreement to its attorneys, members, partners, insurers, brokers, agents, and other persons or entities as required by securities laws, other applicable laws and regulations, and as necessary to affect the Settlement.

129.    ***Gender and Plurals***. As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

130.    ***Binding Effect***. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

131.    ***Cooperation of Parties***. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

132.    ***Obligation to Meet and Confer***. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

133.    ***Integration and No Reliance***. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have

been made by any Party hereto, except as provided for herein.

134.    ***No Conflict Intended***. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

135.    ***Governing Law***. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the State of Connecticut, without regard to the principles thereof regarding choice of law.

136.    ***Counterparts***. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted through email of a PDF shall be deemed an original.

137.    ***Jurisdiction***. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

138.    ***Notices***. All notices provided for herein shall be sent by email with a hard copy sent by overnight mail to:

**If to Plaintiffs or Class Counsel**:

Jeff Ostrow
**Kopelowitz Ostrow P.A.**
1 West Las Olas Blvd., Ste. 500
Fort Lauderdale, FL 33301
ostrow@kolawyers.com

Gary M. Klinger
**Milberg Coleman Bryson**
**Phillips Grossman PLLC**
227 West Monroe Street, Ste. 2100
Chicago, IL 60606
gklinger@milberg.com

William B. Federman
**Federman & Sherwood**
10205 N. Pennsylvania Ave.
The Village, OK 73120
wbf@federmanlaw.com

**If to Defendant or Defendant's Counsel**:

Casie D. Collignon
Sean B. Solis
**Baker & Hostetler LLP**
1801 California Street, Ste. 4400
Denver, CO 80202
ccollignon@bakerlaw.com
ssolis@bakerlaw.com

Yale New Haven Health Services Corporation
Legal & Risk Services Department
789 Howard Avenue, CB230
New Haven, CT 06519
Attention: General Counsel
LRSDrisk@ynhh.org

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received because of the Notice Program.

139.    ***Modification and Amendment***. This Agreement may not be amended or modified,

except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

140.    **No Waiver**. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

141.    **Authority**. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all terms and provisions of this Agreement.

142.    **Agreement Mutually Prepared**. Neither Plaintiffs nor Defendant shall be considered the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

143.    **Independent Investigation and Decision to Settle**. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance

of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

144.    ***No Tax Advice***. The Parties acknowledge that no tax advice has been offered or given by either Party to the other in connection with this Agreement, and each Party is relying upon the advice of its/their own tax consultant with regard to any tax consequences which may arise as a result of the execution of this Agreement.

145.    ***Receipt of Advice of Counsel***. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

*Signatures on the following page*

**CLASS COUNSEL** (On Behalf of the Plaintiffs and the Settlement Class)

*Jeffrey Ostrow*
Jeffrey Ostrow (Sep 9, 2025 18:52:15 EDT)
JEFF OSTROW
**KOPELOWITZ OSTROW P.A.**

Gary Klinger (Sep 9, 2025 17:52:44 CDT)
GARY KLINGER
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**

*William B. Federman*
William B. Federman (Sep 9, 2025 18:10:22 CDT)
WILLIAM B. FEDERMAN
**FEDERMAN & SHERWOOD**

**YALE NEW HAVEN HEALTH
SERVICES CORPORATION**

By:    Christopher M. O'Connor
Its    Chief Executive Officer

**YALE NEW HAVEN HEALTH
SERVICES CORPORATION'S COUNSEL**

CASIE COLLIGNON
**BAKER & HOSTETLER LLP**

# EXHIBIT 1
# (EMAIL NOTICE)

FROM: EMAIL ADDRESS
TO: EMAIL ADDRESS
RE: YALE NEW HAVEN HEALTH COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

**UniqueID: <<UNIQUE ID>>**

United States District Court for the District of Connecticut
*In Re: Yale New Haven Health Services Corp. Data Breach Litigation*

# If your Private Information was impacted in the Data Incident involving Yale New Haven Health Services Corporation discovered on March 8, 2025, and you were sent notice, you may be entitled to Settlement Class Member Benefits from a Settlement.

*A Court authorized this Notice. This is __not__ a solicitation from a lawyer.*

**You can file your Claim Form here.**

An $18,000,000 Settlement has been reached in a class action lawsuit against Yale New Haven Health Services Corporation ("Defendant") arising from a Data Incident discovered on March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed Settlement Class Members' Private Information. Private Information includes personally identifiable information and private health information consisting of some combination of the following: names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types and/or medical record numbers. The Defendant denies the legal claims and any wrongdoing or liability, but the parties have agreed to the Settlement.

The purpose of this Notice is to provide information about this Settlement and explain your rights and options.

**Who is Included? Records show you are a member of the Settlement Class**, defined as: all living individuals residing in the United States who were sent a notice by Defendant that their Private Information may have been impacted in the Data Incident.

**What Does the Settlement Provide?** As a Settlement Class Member, you can submit a Claim Form here or by mail postmarked by **Month XX, 20YY,** for the following Settlement Class Member Benefits:

- **Cash Payment A – Documented Losses**: You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member; **OR**

- **Cash Payment B – Alternate Cash Payment**: Instead of Cash Payment A, without providing documentation, you may submit a Claim Form to receive an alternate cash payment in the *estimated* amount of $100; **AND**

- **<u>Medical Data Monitoring</u>** - In addition to Cash Payment A **_or_** Cash Payment B, you may also submit a Claim Form to receive up to two years of free Medical Data Monitoring.

- **<u>Information Security Enhancements:</u>** Defendant has or will be implementing additional security measures following the Data Incident.

Your Cash Payment may be subject to a _pro rata_ (a legal term meaning equal share) increase or decrease depending upon the total value of all Valid Claims submitted. More information is available in the <u>Settlement Agreement</u> or the <u>Long Form Notice</u>.

**Other Options.** If you do not want to be legally bound by the Settlement, you must submit an opt-out **postmarked** by **Month XX, 20YY** or you will not be able to sue Defendant and Released Parties for any of the Released Claims. For more information regarding the Releases and Released Claims, please visit <u>www.[SettlementWebsite].com</u>. If you opt out, you cannot get any Settlement Class Member Benefits. If you want to object to the Settlement, you may file an objection by **Month XX, 20YY**. The <u>Long Form Notice</u> on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs, Service Awards, and any objections. This hearing may be held remotely, so please check the settlement website for more information. You or your lawyer may attend and ask to appear at the hearing if you object, but you are not required to do so.

**This Notice is a summary.** Learn more about the Settlement <u>here</u> or call toll free 1-XXX-XXX-XXXX.

# EXHIBIT 2
# (POSTCARD NOTICE)

Yale New Haven Health Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**BARCODE
NO-PRINT
ZONE**

FIRST-CLASS MAIL
U.S. POSTAGE
PAID
Portland, OR
PERMIT NO.xxxx

Court-Approved Legal Notice

**If your Private Information was impacted
in the Data Incident involving Yale New
Haven Health Services Corporation,
discovered on March 8, 2025, and you
were sent notice, you may be entitled to
Settlement Class Member Benefits from a
Settlement.**

*A Court has authorized this notice.
This is __not__ a solicitation from a lawyer.*

**This Notice is a summary.** Learn more about the
Settlement at www.XXXXX.com, or by calling toll
free 1-XXX-XXX-XXX.

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

<<UNIQUEID>>

An \$18,000,000 Settlement has been reached in a class action lawsuit against Yale New Haven Health Services Corporation ("Defendant") involving a Data Incident discovered on March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed Settlement Class Members' Private Information. Private Information may include personally identifiable information and private health information consisting of some combination of the following: names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types and/or medical record numbers. The Defendant denies the legal claims, and any wrongdoing or liability, but the parties have agreed to the Settlement.

**Who is Included? Records show you are a member of the Settlement Class**, defined as: all living individuals residing in the United States who were sent a notice by Defendant that their Private Information may have been impacted in the Data Incident.

**What does the Settlement Provide?** As a Settlement Class Member, you can submit a Claim Form online or by mail postmarked by **Month XX, 20YY,** for the following Settlement Class Member Benefits:

**Cash Payment A – Documented Losses:** You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to \$5,000 per Settlement Class Member; **OR**

**Cash Payment B – Alternate Cash Payment:** Instead of Cash Payment A, without providing documentation, you may submit a Claim Form to receive an alternate cash payment in the *estimated* amount of \$100; **AND**

**Medical Data Monitoring:** In addition to Cash Payment A *or* Cash Payment B, you may also submit a Claim Form to receive up to two years of free Medical Data Monitoring.

Your Cash Payment may be subject to a *pro rata* (a legal term meaning equal share) increase or decrease depending upon the total value of all Valid Claims.

**Information Security Enhancements:** Defendant has or will be implementing additional security measures following the Data Incident.

**Other Options**. If you do not want to be legally bound by the Settlement, you must submit an opt-out request **postmarked** by **Month XX, 20YY** or you will not be able to sue Defendant and Released Parties for any of the

Releases. Claims, and notice information regarding the Released and Released Claims, please visit www.[SettlementWebsite].com. If you opt out, you cannot get any Settlement Class Member Benefits. If you want to object to the Settlement, you may file an objection by **Month XX, 20YY**. The Long Form Notice on the Settlement Website explains how to opt-out or object. If you do nothing, you will get no Settlement Class Member Benefits, and you will be bound by the Settlement and any judgments and orders. The Court will hold a Final Approval Hearing on **Month XX, 20YY**, to consider whether to approve the Settlement, Class Counsel's attorneys' fees up to one-third of the Settlement Fund, plus reimbursement of costs, Service Awards, and any objections. You or your lawyer may appear at the hearing if you object, but you are not required to do so.

---

<<MailID>>
### THIS IS NOT A CLAIM FORM

---

### PERSONAL INFORMATION UPDATE FORM

*Yale New Haven Health Data Incident*

If you wish to notify the Settlement Administrator of any change in your contact information, you may fill out and return this card. THIS CARD IS NOT A CLAIM FORM.

**First Name:** **MI:** **Last Name:**

**Mailing Address:**

**City:** **State:** **ZIP Code:**



BARCODE
NO-PRINT
ZONE

PLACE
STAMP
HERE

Yale New Haven Health Data Incident
Settlement Administrator
PO Box XXXX
Portland, OR 97xxx-xxxx

# EXHIBIT 3
# (LONG FORM NOTICE)

# If your Private Information was impacted in the Data Incident involving Yale New Haven Health Services Corporation discovered on March 8, 2025, and you were sent notice, you may be entitled to Settlement Class Member Benefits from a Settlement.

*A Court authorized this Notice. This is not a solicitation from a lawyer.*

- An $18,000,000 Settlement has been reached in a class action lawsuit against Yale New Haven Health Services Corporation ("Defendant") arising from a Data Incident discovered on March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed Settlement Class Members' Private Information. Private Information includes personally identifiable information and private health information consisting of some combination of the following: names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types and/or medical record numbers.

- The Settlement Class includes: all living individuals residing in the United States who were sent a notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

- If you are a member of the Settlement Class, you can submit a Claim Form for the following Settlement Class Member Benefits:

  **Cash Payment A – Documented Losses:** You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member; **OR**

  **Cash Payment B – Alternate Cash:** Instead of Cash Payment A, without providing documentation, you may submit a Claim Form to receive an alternate cash payment in the *estimated* amount of $100; **AND**

  **Medical Data Monitoring:** In addition to Cash Payment A *or* Cash Payment B, you may also submit a Claim Form to receive two years of free Medical Data Monitoring.

  Your Cash Payment may be subject to a *pro rata* (a legal term meaning equal share) increase or decrease depending upon the total value of all Valid Claims submitted.

  **Information Security Enhancements:** Defendant has or will be implementing additional security measures following the Data Incident.

**This Notice may affect your rights. Please read it carefully.**

| Your Legal Rights & Options | | Deadline |
|---|---|---|
| **Submit a Claim Form** | The only way to get Settlement Class Member Benefits is to submit a timely and valid Claim Form. | Submitted or Postmarked by: **MONTH DD, 20YY** |
| **Exclude Yourself** | Get no Settlement Class Member Benefits. Keep your right to file your own lawsuit against the Released Parties about the Released Claims that are released by the Settlement in this lawsuit. | Postmarked by: **MONTH DD, 20YY** |
| **Object to the Settlement** | Stay in the Settlement but tell the Court why you do not agree with the Settlement. You will still be bound by the Settlement if the Court approves it. | Filed by: **MONTH DD, 20YY** |
| **Do Nothing** | Get no Settlement Class Member Benefits. Give up your legal rights. | |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.
- The Court must decide whether to approve the Settlement, and Application for Attorneys' Fees, Costs, and Service Awards. No Settlement Class Member Benefits will be provided unless the

Court approves the Settlement.

# BASIC INFORMATION

### 1.   Why is this Notice being provided?

A Court authorized this Notice because you have the right to know about the Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, the Settlement, your legal rights, what Settlement Class Member Benefits are available, who is eligible for the Settlement Class Member Benefits, and how to get them.

The Honorable Stefan R. Underhill of the United States District Court for the District of Connecticut is overseeing this class action. The lawsuit is known *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU ("lawsuit"). The individuals who filed this lawsuit are called the "Plaintiffs" and/or "Class Representatives" and the company sued, Yale New Haven Health Services Corporation, is called the "Defendant."

### 2.   What is this lawsuit about?

The Plaintiffs filed this lawsuit against the Defendant on behalf of themselves and all others similarly situated involving a Data Incident discovered on March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed Settlement Class Members' Private Information. Private Information includes personally identifiable information and private health information consisting of some combination of the following: names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types and/or medical record numbers.

Defendant denies the legal claims and any wrongdoing or liability. The Court has not made any determination of any wrongdoing by Defendant, or that any law has been violated. Instead, the Plaintiffs and Defendant have agreed to this  Settlement to avoid the risk, cost, and time of continuing the lawsuit.

### 3.   Why is there a Settlement?

The Plaintiffs and Defendant do not agree about the legal claims made in this lawsuit. The lawsuit has not gone to trial, and the Court has not decided in favor of the Plaintiffs or Defendant. Instead, the Plaintiffs and Defendant have agreed to settle the lawsuit. The Class Representatives, Defendant, and their lawyers believe the Settlement is best for the Settlement Class because of the Settlement Class Member Benefits available and the risks and uncertainty associated with continuing the lawsuit.

### 4.   Why is this lawsuit a class action?

In a class action, one or more people (called Class Representatives) sue on behalf of all people who have similar legal claims. Together, all these people are called a class or class members. One court resolves the issues for all class members, except for those class members who timely exclude themselves (opt-out) from the class.

# WHO IS INCLUDED IN THE SETTLEMENT?

### 5.   How do I know if I am included in the Settlement?

Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX

2

You are included in the Settlement Class if you are a living individual residing in the United States who was sent a notice of the Data Incident indicating your Private Information may have been impacted in the Data Incident.

## 6. Are there exceptions to being included in the Settlement?

Yes. Excluded from the Settlement Class are: (1) all persons who are directors, officers, members, and agents of Defendant, or their respective subsidiaries and affiliated companies, and any entity in which Defendant has a controlling interest; (2) governmental entities; (3) the Judge assigned to the lawsuit, that Judge's immediate family, and Court staff; and (4) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

## 7. What if I am still not sure whether I am part of the Settlement?

If you are still not sure whether you are a Settlement Class Member, you may go to www. XXXXXXXXX.com or call toll-free 1-XXX-XXX-XXXX.

# THE SETTLEMENT BENEFITS

## 8. What does this Settlement provide?

If you are a Settlement Class Member, you can submit a Claim Form for the following Settlement Class Member Benefits:

### Cash Payment A – Documented Losses

You may submit a Claim Form with reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member.

Examples of expenses incurred as a result of the Data Incident include (but are not limited to): unreimbursed losses relating to fraud or identity theft; costs associated with freezing or unfreezing credit with any credit reporting agency; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

Examples of reasonable documentation include (but are not limited to): telephone records, correspondence including emails, or receipts. Personal certifications, declarations, or affidavits from the Settlement Class Member do not constitute reasonable documentation but may be included to provide clarification, context, or support for other submitted reasonable documentation.

You will not be reimbursed for expenses if you have been reimbursed for the same expenses by another source, including compensation provided in connection with the identity protection and credit monitoring services offered as part of the notification letter provided by Defendant or otherwise.

### Cash Payment B – Alternate Cash

Instead of Cash Payment A, without providing documentation, you may submit a Claim Form to receive an alternate cash payment in the *estimated* amount of $100.

Your Cash Payment may be subject to a *pro rata* (a legal term meaning equal share) increase if the amount of Valid Claims does not use the entire Net Settlement Fund, calculated after payment of Settlement Administration Costs, any Attorneys' Fees, Costs, and Service Awards, and for Medical Monitoring has been subtracted. Alternatively, if the amount of Valid Claims exceeds the amount of the Net Settlement Fund, your Cash Payment may be subject to a *pro rata* reduction.

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

3

For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund first for payment of Settlement Administration Costs, any Attorneys' Fees, Costs, and Services, and Medical Data Monitoring, then for Cash Payment A – Documented Losses, and then to those who elect Cash Payment B – Alternate Cash. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.

**Medical Data Monitoring** - In addition to Cash Payment A *or* Cash Payment B, you may also submit a Claim Form to receive two years of free Medical Data Monitoring.

**Information Security Enhancements**

Defendant has or will be implementing additional security measures following the Data Incident.

### 9.  What am I giving up to receive Settlement Class Member Benefits or stay in the Settlement?

Unless you exclude yourself (opt-out), you will remain in the Settlement Class. If the Settlement is approved and becomes final, all Court orders and any judgments will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Released Claims in this lawsuit. The specific rights you are giving up are called "Released Claims."

### 10.  What are the Released Claims?

Section XIII of the Settlement Agreement describes the Releases, Released Claims, and Released Parties, in necessary legal terminology, so please read this section carefully. The Settlement Agreement is available at www.XXXXXXXXXXX.com. For questions regarding the Releases, Released Claims, or Released Parties and what the language in the Settlement Agreement means, you can also contact Class Counsel listed below for free, or you can talk to your own lawyer at your own expense.

## HOW TO GET BENEFITS FROM THE SETTLEMENT

### 11.  How do I submit a Claim Form?

You must submit a timely and valid Claim Form to receive any Settlement Class Member Benefits as described above. Your Claim Form must be submitted online at www.XXXXXXXX.com by **MONTH DD, 20YY**, or mailed to the Settlement Administrator at the address on the Claim Form, **postmarked** by **Month DD, 20YY**. Paper Claim Forms are available for download at www.XXXXXXXX.com or by calling 1-XXX-XXX-XXXX or by writing to:

*Yale New Haven Health Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

### 12. What happens if my contact information changes after I submit a Claim Form?

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by writing to:

*Yale New Haven Health Data Incident*
Settlement Administrator

PO Box XXXX
Portland, OR 972XX-XXXX

## 13. When will I receive my Settlement Class Member Benefits?

If you file a timely and valid Claim Form, the Settlement Class Member Benefits will be provided after the Settlement is approved by the Court and becomes final.

It may take time for the Settlement to be approved and become final. Please be patient and check www.XXXXXXXXXXX.com for updates.

# EXCLUDE YOURSELF OR OPT-OUT OF THE SETTLEMENT

If you are a member of the Settlement Class and want to keep any right you may have to sue or continue to sue the Released Parties on your own about the legal claims in this lawsuit or the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from— or "opting-out" of—the Settlement.

## 14. How do I opt-out of the Settlement?

To exclude yourself from the Settlement, you must mail a written request for exclusion, which includes the following:

1) Your name, address, telephone number, and email address (if any);
2) Your personal physical signature;
3) The case name and number: *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU (D. Conn.); and
4) A statement that you want to be excluded from the Settlement Class, such as "I hereby request to be excluded from the Settlement Class in the *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*."

The exclusion request must be **mailed** to the Settlement Administrator at the following address, and be **postmarked** by **MONTH DD, 20YY**:

*Yale New Haven Health Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**You cannot opt-out (exclude yourself) by telephone or by email.**

"Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class members or multiple Settlement Class members where the opt-out has not been signed by each and every individual Settlement Class member will not be allowed.

## 15. If I opt-out can I still get anything from the Settlement?

No. If you opt-out, you will not be able to receive Settlement Class Member Benefits, and you will not be bound by the Settlement or any judgments in this lawsuit. You can only get Settlement Class Member Benefits if you stay in the Settlement and submit a timely and valid Claim Form.

## 16. If I do not opt-out, can I sue the Defendant for the same thing later?

No. Unless you opt-out, you give up any right to sue the Defendant and Released Parties for the legal claims this Settlement resolves and Releases, and you will be bound by all the terms of the Settlement, proceedings, orders, and judgments in the lawsuit. You must opt-out of this lawsuit to start or continue your own lawsuit or be part of any other lawsuit against the Defendant and Released Parties about the Released Claims in this Settlement. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately.

## OBJECTING TO THE SETTLEMENT

### 17. How do I tell the Court I do not like the Settlement?

If you are a Settlement Class Member, you can tell the Court you do not agree with all or any part of the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

To object, you must file your timely written objection with the Court as provided below by **MONTH DD, 20YY** and send copies by U.S. mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator stating that you object to the Settlement in *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU.

To file an objection, you cannot exclude yourself from the Settlement Class. Your objection must include all of the following information:

1) Your full name, mailing address, telephone number, and email address (if any);
2) The case name and number: *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609 (D. Conn.);
3) Documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice you received;
4) All grounds for the objection, accompanied by any legal support for the objection known to you as the objector or your own lawyer;
5) The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection, the caption of each case in which you have made such objection, and a copy of any orders related to or ruling upon your prior objections that were issued by the trial and appellate courts in each listed case;
6) The identity of all lawyers representing you, including any former or current lawyers who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, and Costs and Service Awards, and whether they will appear at the Final Approval Hearing;
7) The number of times your lawyer or your lawyer's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which your lawyer or the firm has made such objection and a copy of any orders related to or ruling upon your lawyer's or the lawyer's law firm's prior objections that were issued by the trial and appellate courts in each listed case;
8) A list of all persons who will be called to testify at the Final Approval Hearing in support of your objection (if any);
9) A statement confirming whether you intend to personally appear and/or testify at the Final Approval Hearing; and
10) Your signature as the objector (a lawyer's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's lawyer, including the taking of depositions and requiring the production of documents.

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

6

To object, you must file your timely written objection with the Court by **Month DD, 20YY**, and send it by U.S. mail or shipped by private courier (such as Federal Express) to Class Counsel, Defendant's Counsel, and the Settlement Administrator postmarked by **Month DD, 20YY**, at the following addresses:

| COURT | CLASS COUNSEL | DEFENDANT'S COUNSEL | SETTLEMENT ADMINISTRATOR |
|---|---|---|---|
| Clerk U.S. District Court District of Connecticut Richard C. Lee United States Courthouse 141 Church St. New Haven, CT 06510 | Jeff Ostrow **Kopelowitz Ostrow P.A.** 1 West Las Olas Blvd. Suite 500 Fort Lauderdale, FL 33301 Gary M. Klinger **Milberg Coleman Bryson Phillips Grossman PLLC** 227 West Monroe St. Suite 2100 Chicago, IL 60606 William B. Federman **Federman & Sherwood** 10205 N. Pennsylvania Ave. The Village, OK 73120 | Casie D. Collignon Sean B. Solis **Baker & Hostetler LLP** 1801 California St. Suite 4400 Denver, CO 80202 | *Yale New Haven Health Data Incident* Settlement Administrator PO Box xxxx Portland, OR 972xx-xxxx |

## 18. What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Settlement Class. Opting-out is telling the Court that you do not want to be part of the Settlement Class. If you opt-out, you cannot object because you are no longer part of the Settlement.

# THE LAWYERS REPRESENTING YOU

## 19. Do I have a lawyer in the lawsuit?

Yes. The Court has appointed Jeff Ostrow of Kopelowitz Ostrow P.A., Gary M. Klinger of Milberg Coleman Bryson Phillips Grosman PLLC and William B. Federman of Federman & Sherwood as Class Counsel to represent you and the Settlement Class for the purposes of this Settlement. You may hire your own lawyer at your own cost if you want someone other than Class Counsel to represent you in this lawsuit.

## 20. How will Class Counsel be paid?

Class Counsel will file a motion asking the Court to award attorneys' fees of up to one-third of the Settlement Fund, plus reimbursement of costs. Class Counsel will also ask the Court to approve the Service Awards for the Class Representatives of up to $2,500 each for their efforts. If awarded by the Court, the attorneys' fees and costs and the Service Awards will be paid from the Settlement Fund. The Court may award less than these amounts.

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

# THE FINAL APPROVAL HEARING

The Court will hold a "Final Approval Hearing" to decide whether to approve the Settlement and Application for Attorneys' Fees, and Costs and Service Awards. You may attend and you may ask to speak if you file an objection by the deadline, but you do not have to.

## 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on **MONTH DD, 20YY, at XX:XX a.m./p.m.** before the Honorable Stefan R. Underhill at the Richard C. Lee United States Courthouse, 141 Church St., New Haven, CT 06510. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and decide whether to approve the Settlement and Class Counsel's Application for Attorneys' Fees and Costs and Service Awards.

If there are objections that were filed by the deadline, the Court will consider them. If you file a timely objection, and you (or your lawyer) ask to speak at the hearing, the Court, at its discretion, may hear objections at the hearing.

**Note:** The date and time of the Final Approval Hearing are subject to change without further notice to the Settlement Class. The Court may also decide to hold the hearing via video conference or by telephone. You should check the Settlement Website www. XXXXXXXXX.com to confirm the date and time of the Final Approval Hearing have not changed.

## 22. Do I have to attend the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you file an objection, you do not have to attend the Final Approval Hearing to speak about it. As long as you file your written objection by the deadline, the Court will consider it.

## 23. May I speak at the Final Approval Hearing?

If there are objections that were filed by the deadline, the Court will consider them. If you file a timely objection, and you (or your lawyer) ask to speak at the hearing, the Court, at its discretion, may hear objections at the hearing.

# GET MORE INFORMATION

## 24. How do I get more information about the Settlement?

This Notice summarizes the Settlement. Complete details about the Settlement are provided in the Settlement Agreement. The Settlement Agreement and other related documents are available at www.XXXXXXXXXXX.com. You may get additional information at www.XXXXXXXXXXX.com, by calling toll-free 1-XXX-XXX-XXXX, or by writing to:

*Yale New Haven Health Data Incident*
Settlement Administrator
PO Box XXXX
Portland, OR 972XX-XXXX

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT'S
CLERK OFFICE REGARDING THIS NOTICE.**

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

# EXHIBIT 4
# (CLAIM FORM)



*0000PLACEHOLDER0000*

| Must be postmarked or submitted online NO LATER THAN [DATE] |
|---|

*Yale New Haven Health Data Incident*
SETTLEMENT AMINISTRATOR
P.O. BOX _____
PORTLAND, OR XXXXX-XXXX_____
www.XXXXXXXXX.com

## IN RE: YALE NEW HAVEN HEALTH SERVICES CORP. DATA BREACH Claim Form
### Case No. 3:25-cv-00609-SRU

## GENERAL INFORMATION

If you received Notice of this Settlement, the Settlement Administrator identified you as a potential member of the Settlement Class because Yale New Haven Health Services Corporation ("Defendant") sent you notice that your Private Information may have been impacted in the Data Incident that took place on March 8, 2025, in which a criminal third party gained unauthorized access to certain of Defendant's systems and may have accessed Settlement Class Members' Private Information. Private Information includes personally identifiable information and private health information consisting of some combination of the following: names, addresses, dates of birth, telephone numbers, email addresses, race or ethnicity, Social Security numbers, patient types and/or medical record numbers.

You may submit a Claim Form for Settlement Class Member Benefits, outlined below, by visiting the Settlement Website at www.XXXXXXXXX.com. **Claims must be submitted online or mailed by [DATE]. If you would prefer to submit by mail, please use the address at the top of this form.**

## SETTLEMENT BENEFITS – WHAT YOU MAY GET

**You may submit a Claim for one of the Cash Payment options:**

1. **Cash Payment A – Documented Losses:** You may submit a Claim Form and provide reasonable documentation for losses related to the Data Incident for up to $5,000 per Settlement Class Member. Supporting documentation is required.

**OR**

2. **Cash Payment B – Alternate Cash:** Instead of Cash Payment A, without providing documentation, you may submit a Claim Form to receive an alternate cash payment in the *estimate*d amount of $100.

**AND**

    **Medical Data Monitoring:** In addition to Cash Payment A —Documented Losses *or* Cash Payment B — Alternate Cash, you may also submit a Claim Form to receive two years of free Medical Data Monitoring.

Your Cash Payment (A or B) may be subject to a *pro rata* (a legal term meaning equal share) increase if the amount of Valid Claims does not use the entire Net Settlement Fund, calculated after payment of Settlement Administration Costs, any Attorneys' Fees, Costs, and Service Awards, and Medical Data Monitoring has been subtracted. Alternatively, if the amount of Valid Claims exceeds the amount of the Net Settlement Fund, your Cash Payment may be subject to a *pro rata* reduction.

For purposes of calculating the *pro rata* increase or decrease, the Settlement Administrator must distribute the funds in the Net Settlement Fund, after payment of Settlement Administration Costs, any Attorneys' Fees, Costs, and Service Awards, in the following order: 1) Medical Data Monitoring, 2) Cash Payment A – Documented Losses, and 3) Cash Payment B – Alternate Cash. Any *pro rata* increases or decreases to Cash Payments will be on an equal percentage basis.

**Information Security Enhancements** Defendant has or will be implementing additional security measures following the Data Incident.

*    *    *

*Please note: the Settlement Administrator may contact you to request additional documents to process your Claim.*

For more information and complete instructions visit **www.XXXXXXXXX.com**

**Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX**

MAIL ID
*0000PLACEHOLDER0000*

**Please note that Settlement Class Member Benefits will be distributed after the Settlement is approved by the Court and becomes final.**

Questions? Go to www.XXXXXXXXX.com or call 1-XXX-XXX-XXXX

Page 1


*0000PLACEHOLDER0000*

## Contact Information

**1.  NAME (REQUIRED):**

First Name

MI    Last Name

**2.  MAILING ADDRESS (REQUIRED):**

Street Address

Apt. No.

City    State    ZIP Code

**3.  PHONE NUMBER:**

**4.  EMAIL ADDRESS (required if you claim benefits for Medical Data Monitoring):**

**5.  UNIQUE ID:**

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Page 2

MAIL ID
*0000PLACEHOLDER0000*

## Medical Data Monitoring Services
*You may be eligible to receive free Medial Data Monitoring services.*

All Settlement Class Members are eligible to claim Medical Data Monitoring services.

*Please select the checkbox if you want the Medical Data Monitoring services for which you are eligible.*

☐ **Medical Data Monitoring services:** I want to receive two free years of Medical Data Monitoring services at the email entered in the  above section.

*If you select this option, you will be sent instructions and an activation code to your provided email address or home address after the Settlement is final. Enrollment in this service will not subject you to marketing for additional services or any required payments.*

## Cash Payment A – Documented Losses

If you lost or spent money relating to the Data Incident and have not been reimbursed for that loss/expense, you can receive reimbursement for up to $5,000 total. Eligible losses include those incurred on or after March 8, 2025, up to the date of filing your Claim.

It is important for you to send documents that show what happened and how much you lost or spent so that you can be reimbursed. "Self-prepared" documents like handwritten receipts, personal certifications, declarations, or affidavits prepared by you are insufficient for reimbursement but can be used to add clarity, context, or support for other submitted reasonable documentation.

To look up more details about how the Cash Payments work, visit **www.XXXXXXXXX.com** or call toll-free **1-XXX-XXX-XXXX**. Please also review the Long Form Notice on the Settlement Website, which provides examples of what documents you need to attach and the types of expenses that can be claimed. *By filling out the boxes below, you are certifying that the money you spent doesn't relate to other data incidents or breaches.*

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

MAIL ID

*0000PLACEHOLDER0000*

| Expense Type and Examples of Documents | Amount and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching, and why it's related to the Data Incident) |
|---|---|---|
| Professional fees incurred to address identity theft or fraud, such as falsified tax returns, account fraud, and/or medical-identity theft. *Examples: Receipts, notices, or account statements reflecting payment for a credit freeze* | $ [  ][  ][  ][  ][  ] • [  ][  ]  Date: [  ][  ] – [  ][  ] – [  ][  ][  ][  ]  MM        DD          YYYY | _____ _____ _____ _____ |
| Other losses or costs resulting from identity theft or fraud (provide detailed description) fairly traceable to the Data Incident. *Examples: Account statement with unauthorized charges circled; bank fees, and fees for credit reports, credit monitoring, or other identity theft insurance products purchased* | $ [  ][  ][  ][  ][  ] • [  ][  ]  Date: [  ][  ] – [  ][  ] – [  ][  ][  ][  ]  MM        DD          YYYY | _____ _____ _____ _____ |
| Other expenses such as notary, fax, postage, copying, mileage, long-distance telephone charges, or professional fees related to the Data Incident. *Examples: Phone bills, receipts, detailed list of addresses you traveled (i.e. police station, IRS office), reason why you traveled there (i.e. police report or letter from IRS re: falsified tax return) and number of miles you traveled* | $ [  ][  ][  ][  ][  ] • [  ][  ]  Date: [  ][  ] – [  ][  ] – [  ][  ][  ][  ]  MM        DD          YYYY | _____ _____ _____ _____ |

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

**MAIL ID**
*0000PLACEHOLDER0000*

## Cash Payment B – Alternate Cash

Instead of Cash Payment A, without providing documentation, you may elect to receive an Alternate Cash payment, *estimated* to be $100. Your Alternate Cash payment may be subject to a *pro rata* (a legal term meaning equal share) adjustment based on the total value of all Valid Claims.

☐   **By checking this box, I affirm I want to receive an Alternate Cash payment under Cash Payment B.**

## Payment Selection

If eligible for a cash payment, please select the method of payment.  If electronic payment is selected, the payment method will be sent to the email address provided in the Contact Information section above.

☐  Check                              ☐  Venmo or Zelle

## Signature

I affirm under the laws of the United States that the information I have supplied in this Claim Form and any copies of documents that I am sending to support my Claim are true and correct to the best of my knowledge.

I understand that I may be asked to provide more information by the Settlement Administrator before my Claim is complete.

| Signature |
|---|

Date: ☐☐ – ☐☐ – ☐☐☐☐
      MM    DD    YYYY

| Print Name |
|---|

Questions? Go to **www.XXXXXXXXX.com** or call **1-XXX-XXX-XXXX**

Page 6

# EXHIBIT 5
# (PRELIMINARY APPROVAL ORDER)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

IN RE: YALE NEW HAVEN HEALTH
SERVICES CORP. DATA BREACH
LITIGATION

Case No. 3:25-cv-00609-SRU

Consolidated Class Action

### [PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY
### APPROVAL OF CLASS ACTION SETTLEMENT

**THIS MATTER** is before the Court on Plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement and Incorporated Memorandum of Law [ECF No. ___ ] for

consideration of whether the Settlement[1] reached by the Parties should be preliminarily approved,

the proposed Settlement Class preliminarily certified, and the proposed Notice Program, Notices,

Claims Process, and Claim Form be approved.  Having reviewed the proposed Settlement, together

with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the

Court has determined the proposed Settlement satisfies the criteria for Preliminary Approval, the

proposed Settlement Class should be preliminarily certified, and the proposed Notice Program,

Notices, Claims Process, and Claim Form approved. Accordingly, good cause appearing in the

record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of the Settlement Class

1.      The Court provisionally certifies the following Settlement Class for settlement

purposes only, finding it is likely to final certify it at the final approval stage:

> All living individuals residing in the United States who were sent a notice of the
> Data Incident indicating that their Private Information may have been impacted in
> the Data Incident. The Settlement Class specifically excludes: (a) all persons who

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the same definitions as those
in Section II of the Settlement Agreement and Releases, attached to the Motion for Preliminary
Approval as *Exhibit A*.

are directors, officers, members, and agents of Defendant, or their respective subsidiaries and affiliated companies, and any entity in which Defendant has a controlling interest; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (d) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

2.    The Court has subject matter jurisdiction. Specifically, the Court finds that the Parties are minimally diverse, there are more than 100 members of the Settlement Class, and the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, as required by 28 U.S.C. § 1332. The Court also has personal jurisdiction over the Parties and the Settlement Class.

3.    The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; there are common issues of law and fact; the claims of the proposed Class Representatives are typical of absent Settlement Class Members; the Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; common issues predominate over any individual issues; and a class action is the superior means of adjudicating the controversy. Class Counsel is also adequate to represent the Settlement Class.

4.    Plaintiffs are designated and appointed as the Class Representatives.

5.    Jeff Ostrow of Kopelowitz Ostrow P.A., Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, and William B. Federman of Federman & Sherwood, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that these counsel are experienced and will adequately protect the interests of the Settlement Class.

### Preliminary Approval of the Proposed Settlement

6.     Upon preliminary review, pursuant to Fed. R. Civ. P. 23(e)(2) and the Second Circuit's traditional *Grinnell* factors, the Court finds the proposed Settlement is likely to be approved as fair, reasonable, and adequate at the Final Approval Hearing, otherwise meets the criteria for approval, and warrants issuance of Notice to the Settlement Class.  Accordingly, the proposed Settlement is preliminarily approved.

### **Final Approval Hearing**

7.     A Final Approval Hearing shall take place before the Court on _____, ___, **2025**, at ___ : ____ a.m./p.m at the Richard C. Lee, United States Courthouse, 141 Church Street, Courtroom __, New Haven, Connecticut 06510 to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Complaint should be dismissed with prejudice; (c) Settlement Class Members should be bound by the Releases set forth in the Settlement; (d) the proposed Final Approval Order and final judgment should be entered; and (e) the Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards should be granted.  Any other matters the Court deems necessary and appropriate will also be addressed at the hearing. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website. The hearing may be re-scheduled without further notice to the Settlement Class. Any changes in the date or time will be posted on the Settlement Website.

8.     Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorneys' fees, as well as reimbursement of reasonable litigation costs, as well as Service Awards of up to $2,500.00 per Class Representative to be paid from the Settlement Fund. These

3

amounts appear reasonable, but the Court will defer ruling on those awards until the Final Approval

Hearing when considering Class Counsel's Application for Attorneys' Fees, Costs, and Service

Awards.

9.      Class Counsel shall file the Motion for Final Approval and Application for

Attorneys' Fees and Costs no later than 45 days after the Notice Date. At the Final Approval

Hearing, the Court will hear argument on Class Counsel's request for attorneys' fees, costs, and

Service Awards.

10.     Any Settlement Class Member that has not timely and properly opted-out from the

Settlement in the manner described below, may appear at the Final Approval Hearing in person or

by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement;

provided, however, no Settlement Class Member that has elected to opt-out from the Settlement

shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class

Member shall be heard in opposition to the Settlement unless the Settlement Class Member

complies with the requirements of this Preliminary Approval Order pertaining to objections, which

are described below.

## Settlement Administration

11.     Epiq Class Action & Claims Solutions, Inc. is appointed as the Settlement

Administrator, with responsibility for handling the Notice Program and overseeing the Claims

Process. All Settlement Administration Costs incurred by the Settlement Administrator will be

paid out of the Settlement Fund, as provided in the Settlement.

## Notice to the Settlement Class

12.     The Notice, including the Email Notice, Postcard Notice, and Long Notice Form,

along with the Claim Form, attached as exhibits to the Settlement Agreement, satisfy the

4

requirements of Federal Rule of Civil Procedure 23 and due process, and thus are approved. Non-material modifications to the Notices and Claim Form may be made by written agreement of the Parties without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program and to perform all other tasks that the Settlement requires.

13.     The Court finds that the form, content, and method of the Notices: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Opting-Out of the Settlement Class

14.     Any Settlement Class Member that wishes to opt-out of the Settlement must submit a written notification of such intent either electronically or by United States mail to the designated address established by the Settlement Administrator, postmarked no later than the Opt-Out Deadline, which is 60 days after the Notice Date. The opt-out request must be personally signed by the Settlement Class Member and contain the requestor's name, address, telephone number, and email address (if any), and include a statement indicating a request to opt-out of the Settlement Class. Any Settlement Class Member who does not submit a valid and timely request to opt-out in the manner described herein shall be bound by the Settlement, including all Releases, as well as all subsequent proceedings, orders, and judgments applicable to the Settlement Class.

15.     Settlement Class Members cannot opt-out by telephone or email. "Mass" or "class" requests for exclusion filed by third parties on behalf of a "mass" or "class" of Settlement Class Members or multiple Settlement Class Members, where an opt-out has not been signed by each and every individual Settlement Class Member, will not be allowed.

16.     All Settlement Class Members who submit valid and timely requests to opt-out of the Settlement shall not: (i) be bound by any orders or judgments entered in connection with the Settlement; (ii) be entitled to any relief under, or be affected by, the Settlement; (iii) gain any rights by virtue of the Settlement; or (iv) be entitled to object to any aspect of the Settlement.

### Objecting to the Settlement

17.     A Settlement Class Member that complies with the requirements of this Preliminary Approval Order and the Agreement may object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards.

18.     No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

a.      the objector's full name, mailing address, telephone number, and email address (if any);

b.      the case name and number: *In Re: Yale New Haven Health Services Corp. Data Breach Litigation*, Case No. 3:25-cv-00609-SRU (D. Conn.);

c.      documentation sufficient to establish membership in the Settlement Class, such as a copy of the Email Notice or Postcard Notice the objector received;

    d.      all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    e.      the number of times the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

    f.      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees and Costs;

    g.      the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the five years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding five years;

    h.      the identity of all counsel (if any) representing the objector, and whether they will appear at the Final Approval Hearing;

    i.      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

    j.      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

       k.      the objector's signature (an attorney's signature is not sufficient).

Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel, including taking the objector's deposition or requesting documents, to be completed before the Final Approval Hearing.

       19.     Objections must be filed with the Court, and sent by U.S. Mail to Class Counsel, Defendant's Counsel, and the Settlement Administrator, at the addresses listed on the Long Form Notice and which will also appear on the Settlement Website

       20.     Any Settlement Class Member who fails to object to the Settlement in the manner described herein shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be precluded from seeking any review of the Settlement or the terms of this Preliminary Approval Order by appeal or any other means.

**Claims Process and Distribution Plan**

       21.     The Settlement establishes a Claims Process for assessing and determining the validity and value of Claims and a methodology for paying Settlement Class Members that submit a Valid Claim.  The Court preliminarily approves this process.

       22.     Settlement Class Members that qualify for and wish to submit a Claim shall do so in accordance with the requirements and procedures specified in the Settlement, including the requirements and procedures in the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for Settlement Class Member Benefits, but who fail to submit a Claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form requirements, shall be forever barred from receiving any of the Settlement Class Member Benefits. Such Settlement Class Members, however, will in all other

respects be subject to and bound by the provisions of the Settlement, including the Releases, and the Final Approval Order and final judgment.

## Termination of the Settlement and Use of this Order

23. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Preliminary Approval Order, if the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Preliminary Approval Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

24. In the event that more than 500 Settlement Class Members exercise their right to exclude themselves from the Settlement Class, Defendant shall have the option to terminate this Agreement. Defendant shall notify Class Counsel and the Court of its intention to terminate this Agreement pursuant to this paragraph within 10 days after the last day on which Settlement Class Members may submit a request for exclusion, or the option to terminate shall be considered waived.

25. If the Settlement is not finally approved by the Court, the Settlement is terminated in accordance with its terms, or there is no Effective Date, then this Preliminary Approval Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Class Representative or any other Settlement Class Member that his or her claims lack merit or that the

relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

26.    Except as necessary to effectuate this Preliminary Approval Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and judgment, or until further order of this Court.

27.    Upon the entry of this order, with the exception of Class Counsel's, Defendant's, Counsel's, Defendant's, and the Class Representatives' implementation of the Settlement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the Court's decision as to whether to grant Final Approval of the Settlement

### Adjournment or Continuance of Final Approval Hearing

28.    The Court, at its direction, may adjourn or continue the Final Approval Hearing date without further written notice to the Settlement Class. If the Court does so, the new date shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted by the Settlement Administrator on the Settlement Website.

### Jurisdiction Pending Settlement Approval

29.    For the benefit of the Settlement Class and to protect this Court's jurisdiction, this

Court retains continuing jurisdiction over the Settlement proceedings to ensure the effectuation thereof in accordance with the Settlement preliminarily approved herein and the related orders of this Court.

### Summary of Deadlines

30.    The Settlement, as preliminarily approved shall be administered according to its terms pending the Final Approval Hearing. The Court hereby sets the following schedule of events:

| EVENT | DATE |
|---|---|
| Deadline to commence Notice Program | Within 30 days following the Preliminary Approval Order |
| Deadline to complete Notice Program | No later than 14 days before the Opt-Out and Objection Deadlines |
| Deadline for filing Motion for Final Approval | 45 days after the Notice Date |
| Opt-Out Deadline | 60 days after the Notice Date |
| Objection Deadline | 60 days after the Notice Date |
| Claim Form Deadline | 90 days after the Notice Date |
| Final Approval Hearing | _____, 2025, at __:__ a.m./p.m. (105 days after Preliminary Approval, or as soon thereafter depending upon the Court's schedule). |

**DONE AND ORDERD** in Chambers in New Haven, Connecticut, this ___ day of _____, 2025.

_____
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

# EXHIBIT 6
# (FINAL APPROVAL ORDER)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: YALE NEW HAVEN HEALTH SERVICES CORP. DATA BREACH LITIGATION | Case No. 3:25-cv-00609-SRU<br><br>Consolidated Class Action |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED**
**MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND**
**APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [ECF No. ____ ];

WHEREAS, on _____, 2025, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)-(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [ECF No. ____];

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice and/or Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of Settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on _____, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2.      This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3.      The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4.      The Settlement is in all respects fair, reasonable, and adequate, after considering all of the *Grinnell* factors and Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (a) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (c) the Settlement relief is adequate; and (d) the Settlement treats Settlement Class members equitably relative to each other. The Settlement was made based on a record that is sufficiently developed and complete

2

to have enabled the Parties to adequately evaluate and consider their positions.

5.      In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were no objection(s) to the Settlement filed, and that only _____ Opt-Outs were submitted. A list of the individuals who have opted-out of the Settlement is attached hereto as *Exhibit A*. Those individuals will not be bound by the Agreement and Releases contained therein.

6.      Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7.      The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8.      The Class Representatives and Class Counsel have fairly and adequately represented and will continue to protect the interests of the Settlement Clas.

9.      Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10.     All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11.     The appointment of Plaintiffs as Class Representatives and Jeff Ostrow, Gary M.

Klinger and William B. Federman as Class Counsel is affirmed.

12.     The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over questions affecting individual Settlement Class members; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

13.     Therefore, the Court finally certifies the following Settlement Class: All living individuals in the United States who were sent a notice of the Data Incident indicating that their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are directors, officers, members, and agents of Defendant, or their respective subsidiaries and affiliated companies, and any entity in which Defendant has a controlling interest; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (d) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

14.     Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

15.     As of the Effective Date, and in exchange for the relief described in the Settlement, the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall

have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

16.     In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein including, but not limited to, any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, and that Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 et seq., § 17200 et seq., and/or § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

17.     If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are sent an email to select the form of electronic payment, any remaining funds shall be distributed to Connecticut Legal Services, which the Court approves as the *cy pres* recipient.

18.     Pursuant to Federal Rule of Civil Procedure 23(h), Settlement Class Counsel is awarded $_____ for Attorneys' Fees and $_____ for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel. The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason under the factors listed in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

19.     The Class Representatives are each awarded $_____ Service Awards. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

20.     Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

21.     The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

22.     In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

23.     With the exception of those listed on *Exhibit A*, all Settlement Class Members shall be bound by this Final Approval Order.

24.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

       **DONE AND ORDERD** in Chambers in New Haven, Connecticut, this ___ day of _____, 2025.

_____
STEFAN R. UNDERHILL
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**OPT-OUT LIST**

1.

2.