**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| IN RE: YALE NEW HAVEN HEALTH SERVICES CORP. DATA BREACH LITIGATION | Case No. 3:25-cv-00609-SRU<br><br>Consolidated Class Action |

## <u>ORDER GRANTING APPROVAL OF CLASS ACTION SETTLEMENT</u>

WHEREAS, on January 2, 2026, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Settlement Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards. [Doc. No. 74];

WHEREAS, on October 21, 2025, the Court entered its Order granting Preliminary Approval of the Settlement, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2)-(3) and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Class Counsel; (5) approved the form and manner of Notice and the Notice Program; (6) approved the Claim Process and Claim Form; and (7) set the Final Approval Hearing date. [Doc. No. 70].

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by Email Notice and/or Postcard Notice, and the Long Form Notice was available to Settlement Class members on the Settlement Website or upon request to the Settlement Administrator;

WHEREAS, a notice of Settlement was timely mailed to governmental entities as provided for under 28 U.S.C. § 1715;

WHEREAS, on March 3, 2026, the Court held a Final Approval Hearing to determine

whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and Service Awards;

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, all of the other files, records, and proceedings in the Action, and being otherwise fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

2.      This Final Approval Order incorporates herein the definitions from Section II of the Settlement Agreement and Releases, attached as Exhibit A to the Motion for Final Approval.

3.      The Notice provided to the Settlement Class was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice.  The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

4.      The Settlement is in all respects fair, reasonable, and adequate, after considering all of the *Grinnell* factors and Federal Rule of Civil Procedure 23(e)(2) factors, highlighted by evidence that: (a) the Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated in good faith and at arm's length among competent, experienced counsel with the assistance of a qualified mediator; (c) the Settlement relief is adequate; and (d) the Settlement treats Settlement Class members equitably relative to each other.   The Settlement was made based on a record that is sufficiently developed and complete to have enabled the Parties to adequately evaluate and consider their positions.

5.     In finding the Settlement fair, reasonable, and adequate, the Court has also considered the opinion of competent counsel, as well as the indication of an overwhelming positive reaction from the Settlement Class given the total number of Claims made, that there were no proper objections to the Settlement filed, and that only 44 Opt-Outs were submitted.  A list of the individuals who have opted-out of the Settlement is attached hereto as ***Exhibit A***.  Those individuals will not be bound by this Final Approval Order, the Final Judgment, the Agreement and Releases contained therein.

6.     Based on the information presented to the Court, the Claims process has proceeded as ordered and consistent with the Agreement and Preliminary Approval Order.  All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the Settlement's terms.  All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

7.     The allocation and distribution plan for Settlement Class Member Benefits is fair, reasonable, and adequate.

8.     The Class Representatives and Class Counsel have fairly and adequately represented and will continue to protect the interests of the Settlement Class.

9.     Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

10.     All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Final Approval Order.

11.     The appointment of Plaintiffs as Class Representatives, Jeff Ostrow, Gary M.

Klinger and William B. Federman as Class Counsel, and Epiq Class Action & Claim Solutions, Inc. as the Settlement Administrator is affirmed.

12.    The Court affirms its findings that the Settlement Class meets the relevant requirements of Federal Rules of Civil Procedure 23(a) and (b)(2)-(3) for only the purposes of the Settlement in that: (1) the number of members is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representatives are typical of the claims of the Settlement Class; (4) the Class Representatives are adequate representatives for the Settlement Class, and have retained experienced counsel to represent the Settlement Class; (5) the questions of law and fact common to the Settlement Class predominate over questions affecting individual Settlement Class members; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. Further, the Court concludes the Settlement Class is ascertainable, based on their objective criteria.

13.    Therefore, the Court finally certifies the following Settlement Class: All living individuals in the United States who were sent a notice of the Data Incident indicating that their Private Information may have been impacted in the Data Incident.  Excluded from the Settlement Class are (a) all persons who are directors, officers, members, and agents of Defendant, or their respective subsidiaries and affiliated companies, and any entity in which Defendant has a controlling interest; (b) governmental entities; (c) the Judge assigned to the Action, that Judge's immediate family, and Court staff; and (d) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident, or who pleads *nolo contendere* to any such charge.

14.    Judgment shall be, and hereby is, entered dismissing the Action with prejudice.

15.    As of the Effective Date, and in exchange for the relief described in the Settlement,

4

the Releasing Parties shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims.

16.     In consideration for this Agreement and the consideration set forth herein, Plaintiffs and Settlement Class Members and Releasing Parties acknowledge that the Releases and the release herein including, but not limited to, any state law or common law claims arising out of or relating to the Data Incident that the Releasing Parties may have or had, and that Plaintiffs and the Settlement Class Members hereby agree that all rights under California Civil Codes § 1798.100 et seq., § 17200 et seq., and § 1542, and any similar law of any state or territory of the United States, are expressly and affirmatively waived. California Civil Code § 1542 states as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

17.     If, consistent with the plan of distribution set forth in the Settlement, there are funds remaining in the Settlement Fund 240 days following the date Settlement Class Members are sent an email to select the form of electronic payment, any remaining funds shall be distributed to Connecticut Legal Services, which the Court approves as the *cy pres* recipient.

18.     Pursuant to Federal Rule of Civil Procedure 23(h), Settlement Class Counsel is awarded $6,000,000 for Attorneys' Fees and $40,223.84 for costs.   These payments shall be made out of the Settlement Fund in accordance with the Agreement. Class Counsel have sole responsibility, within Class Counsel's discretion, to allocate and distribute attorneys' fees among Plaintiffs' counsel.   The Court evaluated Class Counsel's request applying the percentage of the common fund method and concludes that amount is within the range of reason under the factors

listed in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

19.    The Class Representatives are awarded Service Awards in the amount $2,500 each. The awards shall be payable out of the Settlement Fund in accordance with the Agreement.

20.    Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

21.    The Court hereby retains and reserves jurisdiction over: (a) implementation of this Settlement and any distributions to the Settlement Class Members; (b) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (c) all Parties, for the purpose of enforcing and administering the Settlement.

22.    In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Final Approval Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc.

23.    There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED** in Bridgeport, Connecticut, this 4th day of March 2026.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge

# EXHIBIT A (Opt-out List)

1 SARAH PORTER
2 DANIEL WARD
3 FILIP GRAHAM
4 JEFFERSON WILLIAMS
5 SETH REYNOLDS
6 LIZZIE DAVIS
7 RED ROGERS
8 JACQUELINE MORELL
9 NICHOLAS BONITO
10 SANDY ARIYAN
11 JEFF PITLER
12 MARYANNE GRECO-OWENS
13 ARI TRACHTENBERG
14 KISMET LEACH
15 BETHANY DAVISON
16 MYCAH SEWELL
17 ANTHONY STANZIANI
18 EDMUND WAZ
19 DYLAN DIERS
20 JUDITH WAZ
21 LINDSEY WARD
22 JESSICA DIFULVIO
23 MARC STERK
24 PIERCE BIFFERT
25 JASPER DIERS
26 JOHN COTTE
27 DAVID BURCHARD
28 BRIDGETTE KNIGHT
29 CRAIG DIFULVIO
30 MIRIAM GARCIA
31 WARREN SCHEININ
32 JOSHUA BURNS
33 RAMONA CANINO
34 DIANE NELSON
35 MARK BIFFERT
36 MARK NAUMOWICZ
37 DYLAN DELUCIA
38 ROCCO MATURO
39 THOMAS CAMERON
40 MERON HADERO
41 JU TANG
42 NADINE MEROLA
43 BARBARA MATURO
44 SILAS BIFFERT

7